**LaMONICA HERBST & MANISCALCO, LLP**
*Counsel to Plaintiff Marianne T. O'Toole, as Chapter 7 Trustee*
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500
David A. Blansky, Esq.
Salvatore LaMonica, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| MICHAEL P. D'ALESSIO, et al. | Case No.: 18-22552 (RDD) |
| Debtors.[1] | |

------------------------------------------------------------------------x

| | |
|---|---|
| MARIANNE T. O'TOOLE, Solely in Her Capacity as Chapter 7 Trustee of the Estate of Michael P. D'Alessio, | Adv. Pro. No.: 20-    (RDD) |
| Plaintiff, | |
| -against- | |
| DEAN CAROTENUTO, | |
| Defendant. | |

------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Marianne T. O'Toole, solely in her capacity as Chapter 7 Trustee ("Plaintiff" or "Trustee") of the estate of Michael P. D'Alessio ("Debtor"), by her undersigned counsel, as and for her Complaint against defendant Dean Carotenuto ("Defendant"), alleges as follows:

---

[1] The Debtors consist of the jointly-administered estates of Michael P. D'Alessio, Michael Paul Enterprises LLC, 184 East 64th Street Holding LLC, 184 East 64th Street Associates LLC, Bluestone 184 LLC, Bluestone 67 LLC, 227 E 67th Street Associates LLC, 227 E 67th Street Holding LLC, 145-147 East 62nd Street Associates LLC, Bluestone 163 - 165 LLC, 163 - 165 East 62nd Street Associates LLC, 163 - 165 East 62nd Street Holding LLC, 145-147 East 62nd Street Holding LLC, 3 Sandpiper Court Holding LLC, 45 Middle Pond Road Associates LLC, 43 Middle Pond Road Associates LLC, 41 Middle Pond Road Associates LLC, 43 Middle Pond Road Holding LLC, 41-45 MPR Holding LLC, Bluestone Sandpiper LLC, 3 Sandpiper Court LLC, 15-17 Circle Holding LLC, MBI Partners LLC, 15 Circle RD-MBI LLC, and 17 Circle RD-MBI LLC.

1

## JURISDICTION AND VENUE

1. The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105, 323, 541, 542, 544, 548 and 550 ("Bankruptcy Code"), Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), sections 273, 274, 275, 276, and 276-a of New York Debtor and Creditor Law ("DCL"), New York common law and any common law, rule, regulation and/or any applicable law of any other jurisdiction in which assets that are property of the estate currently unknown to Plaintiff are located.

2. This action arises under the Debtor's pending Chapter 7 bankruptcy case.

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334, and Bankruptcy Rules 6009 and 7001.

4. This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(E), (b)(2)(H) and (b)(2)(O).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

6. Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Judge presiding over this adversary proceeding if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

7. Plaintiff is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

8. Plaintiff is authorized to file this action under section 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

9. At all times relevant, Defendant was (and continues to be) an individual residing in the State of New York.

10. Upon information and belief, Defendant and the Debtor are cousins.

11. Upon information and belief, Defendant is married to Rita Reyes ("Reyes").

12. The Debtor and/or entities controlled by the Debtor employed Reyes as an administrative assistant for a six-year period continuing until sometime in early 2018.

13. Defendant was employed by the Debtor as a project supervisor for at least an eight- year period preceding the Petition Date.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

**A.  The Bankruptcy Filing and Denial of Discharge**

14. On April 17, 2018 ("Petition Date"), an involuntary petition was filed against the Debtor. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 1.

15. On May 17, 2018, the Court entered an Order for Relief on Debtor's Consent. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 12.

16. Plaintiff is the Chapter 7 Trustee of the Debtor's estate.

17. Pursuant to a Stipulation and Order dated February 28, 2019, the Debtor consented to the denial of his bankruptcy discharge. See In re D'Alessio, Bankr. Case No.: 18-22552, ECF No. 304.

**B.  The Criminal Case Against the Debtor**

18. On August 28, 2018, the United States of America filed a sealed indictment against the Debtor in the United States District Court for the Southern District of New York. See, generally, USA v. D'Alessio, S.D.N.Y. Case No.: 18-cr-00617-JMF (hereinafter, references to the docket in the criminal case shall be referred to as "DC").

19. By Order dated August 29, 2018, the indictment was unsealed. See DC ECF No. 3.

20. The indictment accused the Debtor of engaging in a scheme to defraud between in or about 2015 through April 2018 by which he induced investors to invest in real estate development projects through entities he controlled in exchange for monthly interest payments and a share in the profits on the sale of the developed properties. See DC ECF No. 2.

21. The indictment claimed that the Debtor misappropriated funds for his own use and benefit and sought to conceal his fraud. See DC ECF No. 2.

22. On November 8, 2018, the United States of America filed a superseding information in which it charged the Debtor with one count of wire fraud during the period between 2015 through April 2018 and one count of bankruptcy fraud by concealing assets and making false claims in connection with his bankruptcy case between May 2018 and July 2018. See DC ECF No. 21.

23. On November 8, 2018, the Debtor entered a guilty plea to both charges of the superseding information. See DC ECF No. 22.

24. On November 8, 2018, the Debtor also entered into a consent preliminary order of forfeiture as to specific property and a money judgment in the sum of $58,090,047.16. See DC ECF No. 25.

25. On April 5, 2019, the Debtor was sentenced to six years of incarceration and three years of supervised release. See DC ECF No. 25.

**C.     The $182,000 Debt Owed by Defendant**

26. On December 2, 2016, $182,000 was wired from the Debtor's personal account at The Westchester Bank to Defendant ("Transfer").

27. The Transfer was recorded as a loan to Defendant in the Debtor's ledgers.

28. Upon information and belief, Reyes, in her capacity as administrative assistant, had access to, control over and the ability to make entries in the Debtor's ledgers.

29. On October 30, 2017, Reyes recorded a general journal entry reflecting that the $182,000 had been repaided by Defendant by check.

30. Plaintiff has been unable to corroborate receipt of a $182,000.000 payment from Defendant in the Debtor's bank records.

31. The Debtor's ledgers did not record a deposit into any of his disclosed bank accounts on October 30, 2017 corresponding to the general journal entry made by Defendant's wife, Reyes.

32. The Transfer was made within two-years of the Petition Date.

33. The Defendant has failed to turn over any part of the Transfer to Plaintiff.

**D.** **Reservation of Rights**

34. Plaintiff's investigation is ongoing and Plaintiff reserves the right to: (a) supplement the information regarding any pre- and post-petition transfers made to, or for the benefit of, the Defendant by the Debtor; (b) any debt owed by the Defendant to the Debtor; and (c) seek recovery of such additional transfers.

35. To the extent that any of the avoidance and/or recovery claims may be inconsistent with each other, they are to be treated as being plead in the alternative.

**FIRST CLAIM FOR RELIEF**
**(Property of the Estate under 11 U.S.C. §§ 541 and 542)**

36. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

37. The Debtor has a legal and equitable interest in the Transfer.

38. The Debtor's legal and equitable interest in the Transfer is property of the Debtor's estate.

39. The Defendant had no right or entitlement to the Transfer or the benefit thereof.

40. By reason of the foregoing, and in accordance with sections 541 and 542 of the Bankruptcy Code, Plaintiff is entitled to the entry of an order and judgment directing the Defendant to turn over any and all property of the Debtor's estate including, but not limited to, the Transfer in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

**SECOND CLAIM FOR RELIEF**
**(Monies Had and Received)**

41. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "40" as if set forth fully herein.

42. The Defendant received the Transfer from the Debtor.

43. The funds constituting the Transfer are property of the Debtor's estate.

44. The Defendant benefited from the Transfer.

45. The Transfer was not repaid to the Debtor prior to the Petition Date.

46. Under the principles of equity and good conscience, Defendant should not be permitted to keep the money.

47. By reason of the foregoing, the Plaintiff is entitled to an award against the Defendant in an amount to be determined at trial, which amount is not less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

48. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

49. In the event that the Transfer was made by the Debtor as a loan to Defendant, the Transfer was made with an expectation of repayment, together with interest thereon.

50. Upon information and belief, there existed a meeting of the minds as to the material terms under which the Transfer would be repaid by Defendant to the Debtor.

51. The Debtor performed his obligations under this agreement by causing the Transfer to be made to Defendant.

52. The Defendant breached this agreement by failing to repay the Transfer, together with interest from the date of the Transfer.

53. The Debtor's estate has suffered damages in the sum of $182,000, plus accrued interest from the date of the Transfer.

54. The funds constituting the Transfer are property of the Debtor's estate.

55. By reason of the foregoing, the Plaintiff is entitled to an award against the Defendant in an amount to be determined at trial, which amount is not less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Transfer under 11 U.S.C. §548(a)(1)(B))

56. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

57. To the extent the Transfer was intended by the Debtor to be a gift, Plaintiff asserts the instant claim for relief in the alternative.

58. The Transfer was made within two-years of the Petition Date.

59. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

60. Upon information and belief, the Debtor: (a) was insolvent on the date of the Transfer or became insolvent as a result of the Transfer; (b) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with it was an unreasonably small capital; or (c) intended to incur or believed that he would incur, debts beyond his ability to pay as they matured.

61. At the time of the Transfer, the Debtor was insolvent, or had incurred, or was intending to incur, debts beyond his ability to pay them as they became due.

62. At the time of the Transfer, the Debtor knew, or should have known, his creditors held claims against him.

63. The Transfer constitutes a fraudulent transfer under section 548(a)(1)(B) of the Bankruptcy Code.

64. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to sections 548(a)(1)(B) and 550 of the Bankruptcy Code and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

### FIFTH CLAIM FOR RELIEF
**(Fraudulent Transfer under 11 U.S.C. §548(a)(1)(A))**

65. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

66. To the extent the Transfer was intended by the Debtor to be a gift, Plaintiff asserts the instant claim for relief in the alternative.

67. The Transfer was made within two-years of the Petition Date.

68. At the time of the Transfer, the Debtor knew, or should have known, that his creditors held claims against him.

69. Upon information and belief, the Transfer was made by the Debtor with the intent to hinder, delay, or defraud his creditors.

70. The Transfer constitutes a fraudulent transfer under section 548(a)(1)(A) of the Bankruptcy Code.

71. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to sections 548(a)(1)(A) and 550 of the Bankruptcy Code and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

### SIXTH CLAIM FOR RELIEF
**(Fraudulent Transfer under DCL)**

72. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

73. To the extent the Transfer was intended by the Debtor to be a gift, Plaintiff asserts the instant claim for relief in the alternative

74. At the time of the Transfer, the Debtor was insolvent or was thereafter rendered insolvent.

75. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

76. The Transfer constitutes a fraudulent transfer in violation of section 273 of the DCL.

77. Under sections 544(b) and 550 of the Bankruptcy Code, and section 273 of the DCL, the Plaintiff may avoid the Transfer.

78. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 273 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

**SEVENTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under DCL)**

79. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

80. To the extent the Transfer was intended by the Debtor to be a gift, Plaintiff asserts the instant claim for relief in the alternative.

81. At the time of the Transfer, the Debtor was engaged in or was about to engage in a business or transaction for which the property remaining in his hands after the Transfer was an unreasonably small capital.

82. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

83. The Transfer constitutes a fraudulent transfer in violation of section 274 of the DCL.

84. Under sections 544(b) and 550 of the Bankruptcy Code, and section 274 of the DCL, Plaintiff may avoid the Transfer.

85. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 274 of the DCL and judgment against the Defendant in an amount as yet

undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

## **EIGHTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under DCL)**

86. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

87. To the extent the Transfer was intended by the Debtor to be a gift, Plaintiff asserts the instant claim for relief in the alternative

88. At the time of the Transfer, the Debtor intended or believed that he would incur debts beyond his ability to pay as they matured.

89. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfer.

90. The Transfer constitutes a fraudulent transfer in violation of section 275 of the DCL.

91. Under sections 544(b) and 550 of the Bankruptcy Code, and section 275 of the DCL, Plaintiff may avoid the Transfer.

92. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 275 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

## **NINTH CLAIM FOR RELIEF**
**(Fraudulent Transfer under DCL)**

93. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

94. To the extent the Transfer was intended by the Debtor to be a gift, Plaintiff asserts the instant claim for relief in the alternative

95. The Transfer was made by the Debtor with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor in violation of section 276 of the DCL.

96. Under sections 544(b) and 550 of the Bankruptcy Code, and section 276 of the DCL, Plaintiff may avoid the Transfer.

97. By reason of the foregoing, Plaintiff is entitled to an order avoiding the Transfer pursuant to section 276 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, attorneys' costs or such other amount as may be determined by the Court.

**TENTH CLAIM FOR RELIEF**
**(Attorneys' Fees under DCL)**

98. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "35" as if set forth fully herein.

99. To the extent the Transfer was intended by the Debtor to be a gift, Plaintiff asserts the instant claim for relief in the alternative.

100. The Transfer was made by the Debtor and received by the Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

101. The Transfer was received by the Defendant with the actual intent to hinder, delay, or defraud present or future creditors of the Debtor.

102. The Transfer constitutes a fraudulent transfer of the Debtor's assets in violation of section 276-a of the DCL.

103. By reason of the foregoing, Plaintiff is entitled to a judgment against the Defendant, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action.

**ELEVENTH CLAIM FOR RELIEF**
**(Unjust Enrichment under New York law)**

104. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "103" as if set forth fully herein.

105. The Defendant was enriched as a result of the Transfer.

106. The enrichment of Defendant was at the expense of the Debtor.

107. The circumstances relating to the Transfer are such that equity and good conscience require the Defendant to compensate the Debtor's estate.

108. By reason of the foregoing, Plaintiff is entitled to an order and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court.

**TWELFTH CLAIM FOR RELIEF**
**(Disallowance of Claims under 11 U.S.C. §§ 502(d) and (j))**

109. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "108" as if set forth fully herein.

110. The Defendant is the transferee of a transfer avoidable pursuant to sections 544 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

111. The Defendant has not paid the value of the Transfer or turned over such property for which he is liable under section 550 of the Bankruptcy Code to the Plaintiff.

112. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant against the Debtor's estate, including any and all claims assigned by the Defendant,

must be disallowed until such time as the Defendant pays the Plaintiff an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon from the date of the Transfer, costs, or such other amount as may be determined by the Court.

113. Pursuant to section 502(j) of the Bankruptcy Code, any and all previously allowed claims of the Defendant against the Debtor, including any and all claims assigned by the Defendant, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon from the date of the Transfer, costs, or such other amount as may be determined by the Court.

**WHEREFORE**, Plaintiff demands judgment on her claims for relief against Defendant as follows:

i. on her First Claim For Relief, an order and judgment directing the Defendant to turn over any and all property of the Debtor's estate including, but not limited to, the Transfer in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

ii. on her Second Claim For Relief, a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

iii. on her Third Claim For Relief, a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

iv. on her Four Claim For Relief, an order avoiding the Transfer pursuant to section 548(a)(1)(B) and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

v. on her Fifth Claim For Relief, an order avoiding the Transfer pursuant to section 548(a)(1)(A) and a judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

vi. on her Sixth Claim For Relief, an order avoiding the Transfer pursuant to section 273 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

vii. on her Seventh Claim For Relief, an order avoiding the Transfer pursuant to section 274 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

viii. on her Eighth Claim For Relief, an order avoiding the Transfer pursuant to section 275 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

ix. on her Ninth Claim For Relief, an order avoiding the Transfer pursuant to section 276 of the DCL and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

x. on her Tenth Claim For Relief, a judgment against the Defendant, under section 276-a of the DCL, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this action;

xi. on her Eleventh Claim For Relief, an order and judgment against the Defendant in an amount as yet undetermined, but in no event believed to be less than $182,000, plus interest thereon, costs, or such other amount as may be determined by the Court;

xii. on her Twelfth Claim For Relief, disallowing any claims filed or otherwise held by the Defendant against the Debtor's estate until the Defendant pays to the Trustee or turns over to the Trustee property for which he is liable pursuant to sections 502(d) and (j) of the Bankruptcy Code; and

xiii. for all costs, disbursements and expenses, including attorneys' fees, in connection with this action, together with such other, further and different relief as this Court may deem just and proper.

Dated: May 15, 2020
      Wantagh, New York

                            **LaMONICA HERBST & MANISCALCO, LLP**
                            Counsel to Plaintiff Marianne T. O'Toole,
                            solely as Chapter 7 Trustee

By:    *s/ David A. Blansky*
          David A. Blansky, Esq.
          Salvatore LaMonica, Esq.
          Partners of the Firm
          3305 Jerusalem Avenue
          Wantagh, New York 11793
          Telephone: (516) 826-6500